UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| FRANKLIN SEAN SMITH, | ) | | |
|---|---|---|---|
| *Petitioner*, | ) | | |
| v. | ) | No. | 1:23-CV-73-CLC-CHS |
| JASON CLENDENION, | ) | | |
| *Respondent*. | ) | | |

## **MEMORANDUM**

Petitioner Franklin Sean Smith has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2019 Cocke County convictions for aggravated rape of a child, aggravated sexual battery, and incest [Doc. 1]. For the reasons set forth below, the petition will be dismissed without prejudice.

### I. **LEGAL STANDARD**

A petitioner seeking federal habeas relief must exhaust his available State-court remedies before filing in federal court. *See* § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

A petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005). Such a stay is

only appropriate, however, if the petitioner shows (1) good cause for his failure to exhaust, (2) that his unexhausted claims are not plainly meritless, and (3) that there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–278 (2005).

## II. DISCUSSION

In his federal habeas petition, Petitioner states that the Tennessee Supreme Court denied his application for direct-appeal review on October 19, 2022, and that he has not filed any other petitions or motions in state court concerning his convictions [Doc. 1 at 2–3]. Therefore, Petitioner has not yet exhausted his state-court remedies, because he currently has an "available procedure" under state law through which he may exhaust his claims. *See* 28 § 2254(c). That is, he can satisfy the federal exhaustion requirement through Tennessee's Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-101, *et seq*.

The Court finds that there are no "limited circumstances" warranting a stay and abeyance in this case. *Rhines*, 544 U.S. at 277. Although § 2244 provides only a one-year statute of limitations, the Court notes that the filing of a state post-conviction application will toll the federal statute of limitations in Petitioner's case as long as the pleading is pending in state court. *See* § 2244(d)(1)–(2). Therefore, Petitioner, acting with diligence, may return to federal court and file a federal habeas petition upon any subsequent denial of his application for post-conviction relief in state court. Accordingly, a stay is unnecessary to protect Petitioner's ability to file a federal habeas petition after his state remedies are exhausted.

## III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any

claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's petition for a writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**