UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FRANKLIN SEAN SMITH, | ) |
| *Petitioner*, | ) |
| v. | ) No. 1:23-CV-73-CLC-CHS |
| JASON CLENDENION, | ) |
| *Respondent*. | ) |

# MEMORANDUM AND ORDER

Petitioner Franklin Sean Smith, an inmate in the custody of the Tennessee Department of Correction, has filed a "Motion to Reconsider" in this *pro se* federal habeas action under 28 U.S.C. § 2254 [Doc. 8].

On April 5, 2023, this Court dismissed this action without prejudice [Docs. 6 and 7] after determining Petitioner had not pursued state post-conviction relief prior to filing his federal habeas petition [Doc. 6 at 2]. On April 26, 2023, the Court received the instant motion, in which Petitioner claims that although he did not seek post-conviction relief prior to filing his federal habeas petition, he did raise his federal claims in State court on direct review as necessary to satisfy the federal exhaustion requirement [*See* Doc. 8 at 3].

Because the instant motion was filed within twenty-eight days of the entry of judgment, the Court construes it as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."); *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (providing that a motion for reconsideration filed within 28 days after judgment may be considered under Rule 59(e), while one filed after 28 days may be

considered under Rule 60(b)). A Rule 59(e) motion may be granted "to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). A district court has considerable discretion in determining whether to reconsider an earlier ruling under Rule 59(e). *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999).

Here, the Court finds that reopening this case serves the interest of justice because, accepting Petitioner's allegations as true, he fully presented each of his federal claims to the state's highest court prior to seeking federal habeas relief. Therefore, the Court **GRANTS** Petitioner's motion [Doc. 8] and **VACATES** its April 5, 2023, Memorandum [Doc. 6] and Judgment Order [Doc. 7].

The Court **DIRECTS** the Clerk reopen this case and place it on the active docket. The Court further **DIRECTS** the Clerk to serve a copy of the petition and this Order upon Respondent.

The Court **ORDERS** Respondent to file the State-court record and a response to the petition within sixty (60) days of entry of this Order. *See* Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts. In that response, Respondent should specifically address whether the § 2254 petition is timely and whether Petitioner has exhausted his available State-court remedies. §§ 2244(d), 2254(b). If Petitioner chooses to file a reply, he shall do so within twenty-one (21) days of the date on which Respondent files a response.

Finally, the Court **ORDERS** Petitioner to immediately inform the Court and Respondent or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any

change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within (14) fourteen days of any change in address may result in the dismissal of this action.

    **SO ORDERED.**

    **ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**